## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

ROXANNE JOY,

     Plaintiff,

v.

RUSHMORE LOAN MANAGEMENT
SERVICES,

     Defendant.

CIVIL NO. 2:16-cv-262-NT

## DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES
## LOCAL RULE 56(c) OPPOSING STATEMENT OF MATERIAL FACTS

Defendant Rushmore Loan Management Services ("Rushmore"), by and through

undersigned counsel, pursuant to Fed. R. Civ. P. 56 and Local Rule 56(c), hereby sets forth the

following Opposing Statement of Material Facts ("DOSMF") in support of its Opposition to

Plaintiff Roxanne Joy's Motion for Summary Judgment.

1.      Objection on grounds that Paragraph 1 fails to comply with Local Rule 56(b).

Local Rule 56(b) provides that a motion for summary judgment be supported by a statement of

material facts.  Joy sets forth a legal conclusion by asserting she is a "consumer" insofar she

intends to claim she is a "consumer" within the meaning of 15 U.S.C. § 1692(a)(3).

Otherwise, Rushmore admits that Joy lives in Alfred, Maine.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Qualified.  Ms. Joy testified that she negotiated the Consented Judgment.

Deposition of R. Joy at 33:4-6 (D.E. 24-13), Ex. 14 (D.E. 24-2).  Ms. Joy testified that she

11698917.1

negotiated a 135-day period of redemption.  Deposition of R. Joy at 33:12-20 (D.E. 24-13), Ex. 14 (D.E. 24-2).  Ms. Joy testified that she negotiated that there would be no deficiency after the foreclosure process was finished.  Deposition of R. Joy at 33:21-24 (D.E. 24-13), Ex. 14 (D.E. 24-2).

6.     Pursuant to Local Rule 56(g), admitted solely for the purpose of summary judgment and shall not be deemed admitted for purposes other than determining whether summary judgment is appropriate.

7.     Pursuant to Local Rule 56(g), admitted solely for the purpose of summary judgment and shall not be deemed admitted for purposes other than determining whether summary judgment is appropriate.

8.     Objection on grounds that Paragraph 8 is not adequately supported by the record citations.  Fed. R. Civ. P. 56(c).

Otherwise, qualified.  On June 16, 2015, the District Court (Springvale) entered the Consented Judgment.  Deposition of R. Joy (D.E. 24-13), Ex. 14 (D.E. 24-2).  Rushmore issued the mortgage statement dated October 16, 2015 which speaks for itself.  Answer ¶ 35 (D.E. 8).  The redemption period did not expire until October 29, 2015.  DOSMF ¶ 26. Rushmore testified that it had "the obligation to send out the request for – or the notices of information" including the mortgage statements that were sent to Ms. Joy "until such a time where Ms. Joy is no longer the owner of the property.  Rushmore testified the general purpose to sending these documents, is to provide information.  Deposition of Rushmore at 50:15-23, 36:8-18 (D.E. 24-14).

9.     Objection on grounds that Paragraph 8 is not adequately supported by the record citations.  Fed. R. Civ. P. 56(c).

2

Otherwise, qualified.  On June 16, 2015, the District Court (Springvale) entered the Consented Judgment.  Deposition of R. Joy (D.E. 24-13), Ex. 14 (D.E. 24-2).  Rushmore issued the mortgage statement dated October 16, 2015 which speaks for itself and must be considered in its entirety.  Answer ¶ 35 (D.E. 8).  The redemption period did not expire until October 29, 2015.  DOSMF ¶ 15.  Rushmore testified that it had "the obligation to send out the request for – or the notices of information" including the mortgage statements that were sent to Ms. Joy "until such a time where Ms. Joy is no longer the owner of the property.  Rushmore testified the general purpose to sending these documents, is to provide information.  Deposition of Rushmore at 50:15-23, 36:8-18 (D.E. 24-14).

10.     Objection on grounds that Paragraph 10 fails to comply with Local Rule 56(b).  Local Rule 56(b) provides that a motion for summary judgment be supported by a statement of material facts.  Joy sets forth a legal conclusion by asserting that Rushmore is a "debt collector" insofar she intends to claim it is a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6).  In addition, Paragraph 10 is not adequately supported by the record citations.  Fed. R. Civ. P. 56(c).

Otherwise, denied.  Rushmore denied that it regularly engages in the business to collect debts in the State of Maine.  Answer ¶ 9 (D.E. 8).  Rushmore answered that it "sometimes" engages in collecting debts.  Answer ¶¶ 9, 11 (D.E. 8).

11.     Admitted.

12.     Qualified.  The Consented Judgment speaks for itself and must be considered in its entirety.  The Consented Judgment provides "First, to Beneficial Maine Inc., its successors and assigns, as set forth above; Second, the surplus proceeds, if any, to Roxanne Joy in

11698917.1

accordance with 14 M.R.S. § 6324. b.  No writ of execution for any deficiency shall issue against

Roxanne Joy…"  Deposition of R. Joy (D.E. 24-13), Ex. 14 (D.E. 24-2).

13.    Qualified.  Ms. Joy testified that she negotiated the Consented Judgment.

Deposition of R. Joy at 33:4-6 (D.E. 24-13), Ex. 14 (D.E. 24-2).  Ms. Joy testified that she

negotiated a 135-day period of redemption.  Deposition of R. Joy at 33:12-20 (D.E. 24-13), Ex.

14 (D.E. 24-2).  Ms. Joy testified that she negotiated that there would be no deficiency after the

foreclosure process was finished.  Deposition of R. Joy at 33:21-24 (D.E. 24-13), Ex. 14 (D.E.

24-2).

14.    Admitted.

15.    Admitted.

16.    Pursuant to Local Rule 56(g), admitted solely for the purpose of summary

judgment and shall not be deemed admitted for purposes other than determining whether

summary judgment is appropriate.

17.    Qualified.  Rushmore issued the correspondence dated October 16, 2015 which

speaks for itself and must be considered in its entirety.  Answer ¶ 35 (D.E. 8).  The

correspondence provides that "IF YOU ARE IN FORECLOSURE…To obtain the most up-to-

date amount due information, please contact us at the number listed on this statement.  (D.E. 24-

3).  Ms. Joy testified that she negotiated that there would be no deficiency after the foreclosure

process was finished.  Deposition of R. Joy at 33:21-24 (D.E. 24-13), Ex. 14 (D.E. 24-2).  Ms.

Joy testified "I did a deficiency of waiver…I don't understand why I keep getting these letters

saying I owe money."  Deposition of R. Joy at 37:7-1 (D.E. 24-13).  Joy never contacted

Rushmore or counsel for Rushmore which negotiated the Consent Judgment about the

correspondence.  Deposition of R. Joy at 39:3-11 (D.E. 24-13).  The redemption period did not

4

expire until October 29, 2015.  DOSMF ¶ 15.  Rushmore testified that it had "the obligation to send out the request for – or the notices of information" including the mortgage statements that were sent to Ms. Joy "until such a time where Ms. Joy is no longer the owner of the property. Rushmore testified the general purpose to sending these documents, is to provide information. Deposition of Rushmore at 50:15-23, 36:8-18 (D.E. 24-14).

18.     Objection on grounds that Paragraph 18 is not supported by appropriate citation to the summary judgment record.  Fed. R. Civ. P 56(c)(1)(A).

Otherwise, qualified.  Rushmore issued the correspondence dated October 20, 2015 which speaks for itself and must be considered in its entirety. (D.E. 24-4).  Ms. Joy testified "I did a deficiency of waiver…I don't understand why I keep getting these letters saying I owe money."  Deposition of R. Joy at 37:7-1 (D.E. 24-13).  Joy never contacted Rushmore or counsel for Rushmore which negotiated the Consent Judgment about the correspondence.  Deposition of R. Joy at 39:3-11 (D.E. 24-13).  Rushmore testified that it had "the obligation to send out the request for – or the notices of information" including the mortgage statements that were sent to Ms. Joy "until such a time where Ms. Joy is no longer the owner of the property.  Rushmore testified the general purpose to sending these documents, is to provide information.  Deposition of Rushmore at 50:15-23, 36:8-18 (D.E. 24-14).

19.     Qualified.  Rushmore issued the correspondence dated October 23, 2015 which speaks for itself and must be considered in its entirety.  Answer ¶ 36 (D.E. 8).  Ms. Joy testified "I did a deficiency of waiver…I don't understand why I keep getting these letters saying I owe money."  Deposition of R. Joy at 37:7-1 (D.E. 24-13).  Joy never contacted Rushmore or counsel for Rushmore which negotiated the Consent Judgment about the correspondence.  Deposition of R. Joy at 39:3-11 (D.E. 24-13).  Rushmore testified that it had "the obligation to send out the

request for – or the notices of information" including the mortgage statements that were sent to Ms. Joy "until such a time where Ms. Joy is no longer the owner of the property. Rushmore testified the general purpose to sending these documents, is to provide information. Deposition of Rushmore at 50:15-23, 36:8-18 (D.E. 24-14).

20.     Qualified. Rushmore issued the correspondence dated October 28, 2015 which speaks for itself and must be considered in its entirety. Answer ¶ 37 (D.E. 8). The correspondence provides that "IF YOU ARE IN FORECLOSURE…To obtain the most up-to-date amount due information, please contact us at the number listed on this statement. (D.E. 24-6). Ms. Joy testified that she negotiated that there would be no deficiency after the foreclosure process was finished. Deposition of R. Joy at 33:21-24 (D.E. 24-13), Ex. 14 (D.E. 24-2). Ms. Joy testified "I did a deficiency of waiver…I don't understand why I keep getting these letters saying I owe money." Deposition of R. Joy at 37:7-1 (D.E. 24-13). Joy never contacted Rushmore or counsel for Rushmore which negotiated the Consent Judgment about the correspondence. Deposition of R. Joy at 39:3-11 (D.E. 24-13). The redemption period did not expire until October 29, 2015. DOSMF ¶ 15. Rushmore testified that it had "the obligation to send out the request for – or the notices of information" including the mortgage statements that were sent to Ms. Joy "until such a time where Ms. Joy is no longer the owner of the property. Rushmore testified the general purpose to sending these documents, is to provide information. Deposition of Rushmore at 50:15-23, 36:8-18 (D.E. 24-14).

21.     Qualified. Rushmore issued the correspondence dated November 13, 2015 which speaks for itself and must be considered in its entirety. Answer ¶ 39 (D.E. 8). Ms. Joy testified "I did a deficiency of waiver…I don't understand why I keep getting these letters saying I owe money." Deposition of R. Joy at 37:7-1 (D.E. 24-13). Joy never contacted Rushmore or counsel

11698917.1

for Rushmore which negotiated the Consent Judgment about the correspondence.  Deposition of R. Joy at 39:3-11 (D.E. 24-13).  Rushmore testified that it had "the obligation to send out the request for – or the notices of information" including the mortgage statements that were sent to Ms. Joy "until such a time where Ms. Joy is no longer the owner of the property.  Rushmore testified the general purpose to sending these documents, is to provide information.  Deposition of Rushmore at 50:15-23, 36:8-18 (D.E. 24-14).

22.     Qualified.  Rushmore issued the correspondence dated November 28, 2015 which speaks for itself and must be considered in its entirety.  Answer ¶ 40 (D.E. 8).  The correspondence provides that "IF YOU ARE IN FORECLOSURE…To obtain the most up-to-date amount due information, please contact us at the number listed on this statement.  (D.E. 24-8).  Ms. Joy testified that she negotiated that there would be no deficiency after the foreclosure process was finished.  Deposition of R. Joy at 33:21-24 (D.E. 24-13), Ex. 14 (D.E. 24-2).  Ms. Joy testified "I did a deficiency of waiver…I don't understand why I keep getting these letters saying I owe money."  Deposition of R. Joy at 37:7-1 (D.E. 24-13).  Joy never contacted Rushmore or counsel for Rushmore which negotiated the Consent Judgment about the correspondence.  Deposition of R. Joy at 39:3-11 (D.E. 24-13).  Rushmore testified that it had "the obligation to send out the request for – or the notices of information" including the mortgage statements that were sent to Ms. Joy "until such a time where Ms. Joy is no longer the owner of the property.  Rushmore testified the general purpose to sending these documents, is to provide information.  Deposition of Rushmore at 50:15-23, 36:8-18 (D.E. 24-14).

23.     Qualified.  Rushmore issued the correspondence dated December 3, 2015 which speaks for itself and must be considered in its entirety.  Answer ¶ 41 (D.E. 8).  Ms. Joy testified "I did a deficiency of waiver…I don't understand why I keep getting these letters saying I owe

11698917.1

money." Deposition of R. Joy at 37:7-1 (D.E. 24-13). Joy never contacted Rushmore or counsel for Rushmore which negotiated the Consent Judgment about the correspondence. Deposition of R. Joy at 39:3-11 (D.E. 24-13). Rushmore testified that it had "the obligation to send out the request for – or the notices of information" including the mortgage statements that were sent to Ms. Joy "until such a time where Ms. Joy is no longer the owner of the property. Rushmore testified the general purpose to sending these documents, is to provide information. Deposition of Rushmore at 50:15-23, 36:8-18 (D.E. 24-14).

24.    Qualified. Rushmore issued the correspondence dated December 14, 2015 which speaks for itself and must be considered in its entirety. Answer ¶ 42 (D.E. 8). The correspondence provides that "IF YOU ARE IN FORECLOSURE…To obtain the most up-to-date amount due information, please contact us at the number listed on this statement. (D.E. 24-10). Ms. Joy testified that she negotiated that there would be no deficiency after the foreclosure process was finished. Deposition of R. Joy at 33:21-24 (D.E. 24-13), Ex. 14 (D.E. 24-2). Ms. Joy testified "I did a deficiency of waiver…I don't understand why I keep getting these letters saying I owe money." Deposition of R. Joy at 37:7-1 (D.E. 24-13). Joy never contacted Rushmore or counsel for Rushmore which negotiated the Consent Judgment about the correspondence. Deposition of R. Joy at 39:3-11 (D.E. 24-13). Rushmore testified that it had "the obligation to send out the request for – or the notices of information" including the mortgage statements that were sent to Ms. Joy "until such a time where Ms. Joy is no longer the owner of the property. Rushmore testified the general purpose to sending these documents, is to provide information. Deposition of Rushmore at 50:15-23, 36:8-18 (D.E. 24-14).

25.    Qualified. Rushmore issued the correspondence dated December 22, 2015 which speaks for itself and must be considered in its entirety. Answer ¶ 44 (D.E. 8). Ms. Joy testified

"I did a deficiency of waiver…I don't understand why I keep getting these letters saying I owe money."  Deposition of R. Joy at 37:7-1 (D.E. 24-13).  Joy never contacted Rushmore or counsel for Rushmore which negotiated the Consent Judgment about the correspondence.  Deposition of R. Joy at 39:3-11 (D.E. 24-13).  Rushmore testified that it had "the obligation to send out the request for – or the notices of information" including the mortgage statements that were sent to Ms. Joy "until such a time where Ms. Joy is no longer the owner of the property.  Rushmore testified the general purpose to sending these documents, is to provide information.  Deposition of Rushmore at 50:15-23, 36:8-18 (D.E. 24-14).

26.     Qualified.  Rushmore issued the correspondence dated January 28, 2016 which speaks for itself and must be considered in its entirety.  Answer ¶ 45 (D.E. 8).  The correspondence provides that "IF YOU ARE IN FORECLOSURE…To obtain the most up-to-date amount due information, please contact us at the number listed on this statement."  (D.E. 24-12).  Ms. Joy testified that she negotiated that there would be no deficiency after the foreclosure process was finished.  Deposition of R. Joy at 33:21-24 (D.E. 24-13), Ex. 14 (D.E. 24-2).  Ms. Joy testified "I did a deficiency of waiver…I don't understand why I keep getting these letters saying I owe money."  Deposition of R. Joy at 37:7-1 (D.E. 24-13).  Joy never contacted Rushmore or counsel for Rushmore which negotiated the Consent Judgment about the correspondence.  Deposition of R. Joy at 39:3-11 (D.E. 24-13).  Rushmore testified that it had "the obligation to send out the request for – or the notices of information" including the mortgage statements that were sent to Ms. Joy "until such a time where Ms. Joy is no longer the owner of the property.  Rushmore testified the general purpose to sending these documents, is to provide information.  Deposition of Rushmore at 50:15-23, 36:8-18 (D.E. 24-14).

11698917.1

27.     Qualified.  Rushmore testified that it does not "know exactly, in the State of Maine, when the transfer of title happens; however, it's my understanding that the Consent Judgment does not transfer title."  Deposition of Rushmore at 51:9-14 (D.E. 24-14).


Dated:  April 14, 2017

                                    Respectfully submitted,


                                    /s/ Adam J. Shub
                                    Adam J. Shub, Esq., Bar No. 4708
                                    *Attorney for Defendant*
                                    Rushmore Loan Management Services

PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000
ashub@preti.com


## Certificate of Service

I, Adam J. Shub, hereby certify that service of the above has been made through the Court's ECF system on all those registered to receive ECF service.  The document filed is available for viewing and downloading from the ECF system.

date:   4/14/2017                              /s/Adam J. Shub