UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROXANNE JOY )<br>)<br>PLAINTIFF )<br>)<br>v. )<br>)<br>RUSHMORE LOAN MANAGEMENT )<br>SERVICES )<br>)<br>DEFENDANT )<br>) | CIVIL NO. 2:16-cv-262-NT |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARYJUDGMENT WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff Roxanne Joy (the "Plaintiff" or "Ms. Joy"), pursuant to Fed. R. Civ. P. 56 and Local Rules 7 and 56, brings this Reply to Defendant Rushmore Loan Management Services (the "Defendant" or "Rushmore") Opposition to Motion for Summary Judgment. In replying to Rushmore's Opposition (the "Opposition" or "Opp'n"), Document ("Doc.") 30 in the above-captioned matter, Ms. Joy states the following:

**Rushmore is a Debt Collector**

Rushmore is a "debt collector" as defined in the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and the Maine Fair Debt Collection Practices Act, 32 M.R.S.A § 11001 *et seq.* (collectively referred to herein as the "FDCPA"). The FDCPA "defines 'debt collector' as any individual in a business whose 'principal purpose ... is the collection of any debts, or who regularly collects or attempts to collect ... debts owed or due or asserted to be owed or due to another.'" 15 USC 1692a(6); 32 MRS §11001(6); *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 41 (1st Cir. 2010). "This definition easily encompasses the standard operations of mortgage and other loan servicers who request and process payments on debts owed to third parties." *Amini v. Bank of*

*Am. Corp.*, 2013 WL 1898211, at *3 (W.D. Wash. May 6, 2013). Rushmore admits in the record to servicing the Plaintiff's Mortgage Loan on behalf of others. Defendant's Answer to Complaint (Doc. 8, the "Answer") ¶ 6. Further, Ms. Joy states in her Complaint that "Defendant Rushmore is a 'debt collector' as defined by the FDCPA..." (Compl. ¶ 11) and Rushmore answers as follows: "Defendant admits the allegations contained in paragraph 11 to the extent that it 'sometimes' acts as a debt collector." Answer ¶ 11. Rushmore does not deny Ms. Joy's allegation that Rushmore is a "debt collector" as defined in the FDCPA. "***Effect of Failing to Deny.*** An allegation...is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6) (emphasis in original). *See also B.C. Produce, Inc. v. Don's Wholesale Produce, Inc.*, 550 F. Supp. 2d 124, 125 (D. Me. 2008) (Defendant's failure to respond to allegations in Complaint treated as admission of violation); *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1254 (10th Cir. 2017). It is disingenuous for Rushmore to now deny being a debt collector, particularly given the frequency with which Rushmore self-identifies as a debt collector.

Rushmore has admitted that the numerous letters sent by Rushmore to Ms. Joy identify Rushmore as "a Debt Collector." Answer ¶¶ 35-37, 39-42, 44-45, Complaint ("Compl.") Exhibits ("Ex.") 2-10. Rushmore also admits to identifying itself as "a debt collector" in its response to a Qualified Written Request from Ms. Joy. Answer ¶ 54, Compl. Ex. 11. Maine's Department of Professional and Financial Regulation lists Rushmore as having first been licensed as a "DEBT COLLECTOR" on 02/11/2010, with its license active through 07/31/2017. *See* https://www.pfr.maine.gov/ALMSOnline/ALMSQuery/ShowDetail.aspx?TOKEN=A6AD686E4C556D32DB914749DAFFAE20153CDB943079FB46E7BF5B89D5FE67E2. (Last viewed April 27, 2017). According to Rushmore's own website, it is licensed as a debt collector in Maine and in 20 other states. *See* http://www.rushmorelm.com/docs/Rushmore_Licenses.pdf. (Last viewed April 27,

2017). Also available on Rushmore's own website is a press release, dated April 6, 2015, in which Rushmore boasts that it "will begin servicing a new pool in excess of $260 million of non-performing loans..." *See* http://www.rushmorelm.com/docs/Press_Release_Rushmore_4-6-15_FINAL.pdf. (Last viewed April 27, 2017). In the press release, Rushmore also states that it "currently services more than 70,000 loans, at a total unpaid principle balance of over $12 billion." *Id.* The aforementioned pool of $260 million worth of non-performing loans is thus equivalent to 2.2% of Rushmore's business. *Id.* Rushmore cited to a case, *Oppong v. First Union Mortgage Corp.*, that is illustrative of the significance of this figure. Opp'n p. 6.

Rushmore combines the *definition* of "debt collector" with the *exclusion* of a "debt collector" with no support from the First Circuit for such an assertion. Opp'n p. 5. The plain language of the statute is clear that a debt collector includes any person "who regularly collects … debts owed … another…" in general but that the person is not a debt collector if such collection activity "concerns **a** debt which was not in default at the time it was obtained." (emphasis added). 15 USC §1692a(6) &(6)(F); 32 MRS 11001 (6) and 11001(7)(c). The *definition* is not dependent on the *exclusion*. Here, Rushmore admits that the debt was in default when it took on servicing which further supports its status as a debt collector when servicing this loan. Answer ¶7.

Even if Rushmore's analysis was applicable, Rushmore would still be a debt collector. The Court in *Oppong*, in addressing the question of whether or not Wells Fargo met the definition of a debt collector under the FDCPA, found "that Wells Fargo originated 410,205 mortgage loans and acquired 141,595 mortgage loans, 89 of which were delinquent when acquired." *Oppong v. First Union Mortg. Corp.*, 407 F. Supp. 2d 658, 666 (E.D. Pa. 2005), *aff'd in part, vacated in part,* 215 Fed. Appx. 114 (3d Cir. 2007) (internal citations omitted). The *Oppong* Court concluded that

this "shows that Wells Fargo regularly conducts debt collection activity within the meaning of the FDCPA because the company frequently and consistently acquires an estimated 356 delinquent mortgage loans each year… Wells Fargo is a debt collector under the FDCPA because it frequently and consistently collects or attempts to collect on defaulted loans as a part of its business activities." *Id.* at 666-67. Of the 141,595 mortgage loans acquired by Wells Fargo in the snapshot the *Oppong* Court looked at, just 0.06% were delinquent when acquired, yet this was sufficient for that Court to conclude that Wells Fargo regularly conducts debt collection activities and is a debt collector as defined by the FDCPA. As noted above, Rushmore's own press release touted its servicing of more than $260 million in non-performing loans, equivalent to 2.2% of its business. The *Oppong* Court's holding only supports a conclusion that Rushmore regularly conducts debt collection activities and is a debt collector as defined by the FDCPA. At the summary judgment stage, the Court may consider a party's own press releases and publicly available website when the statements of the party appearing in those public forums contradicts the claim(s) that party is making in the case. *See, e.g., Ferring Pharmaceuticals, Inc. v. Braintree Laboratories, Inc.*, 2016 WL 6275156, at *6 (D. Mass. Oct. 25, 2016) (granting summary judgment in favor of Braintree after concluding that Ferring's claim was contradicted by Ferring's own press release and information available on its company website). Rushmore's own press release and the information available on its website directly contradict Rushmore's claim that Ms. Joy has not proven that Rushmore is a debt collector as defined by the FDCPA. Opp'n p. 4. Rushmore's admissions establish that Rushmore is a debt collector under the FDCPA; these are admissions both within the record of the instant case and in other public documents and declarations of which the Court must take judicial notice. Fed. R. Evid. 201(c)(2). *See also Bailey v. Maine Comm'n on Governmental Ethics & Election Practices*, 900 F.

Supp. 2d 75, 88 n. 23 (D. Me. 2012) (at the summary judgment phase of proceedings, taking judicial notice of press materials from broadcast and print media available online).

Rushmore alleges that it "cannot be held liable" for its communications to Ms. Joy because they were sent "in reliance upon an advisory opinion from the Consumer Financial Protection Bureau ("CFPB")." Opp'n p. 14. The section of CFPB's guidance to which Rushmore cites is titled "Servicing Rule Requirements with Regard to Borrowers Prohibiting **Debt Collectors** from Communicating with Them." Implementation Guidance for Certain Mortgage Servicing Rules, 2013 WL 9001249 (C.F.P.B. Oct. 15, 2013) (the "CFPB Guide") (emphasis added). Rushmore claims that "[t]he CFPB concluded that **a loan servicer acting as a debt collector** would not be liable for complying with these requirements." CFPB Guide at 3(emphasis added). Rushmore admits it relied on a section of the CFPB Guide that is specifically directed to debt collectors. In order for Rushmore to reasonably believe it was protected from FDCPA liability by the CFPB's advisory opinion, Rushmore would need to consider itself to be a debt collector in sending communications to Ms. Joy. At the same time, Rushmore is asking this Court to conclude that Ms. Joy has not proven that Rushmore is a debt collector under the FDCPA. Opp'n p. 4. Rushmore cannot have it both ways.

### **Rushmore Violated the FDCPA as a Matter of Law**

Rushmore attempts to create a factual dispute on an issue that is not a question of fact. Opp'n pp. 11-13. "Whether a collection letter violates the FDCPA is a question of law." *Berger v. Northland Group, Inc.*, 886 F. Supp. 2d 59, 62 (D. Mass. 2012) (citing *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 34 (1st Cir.2010)). "Under § 1692e(2)(A) a debt collector's 'false representation of ... the character, amount, or *legal status* of any debt' is a violation of the statute." *In re Murray*, 552 B.R. 1, 6 (Bankr. D. Mass. 2016) (emphasis in original). Once the Consent

Judgment had been entered by the state court, Rushmore "had no ongoing right to demand payment." *Kowalski v. Seterus, Inc.,* No. 2:16-cv-00160-JAW, 2017 WL 79949 at *15 (D. Me. Jan. 9. 2017). Once the redemption period expired, Ms. Joy's "rights in the property were forever extinguished." *Duprey v. Eagle Lake Water & Sewer Dist.*, 615 A.2d 600, 605 (Me. 1992). Rushmore admits that the Consent Judgment provided a waiver of deficiency and that the redemption period expired October 29, 2015. Answer ¶¶ 21-23, 26-27, Compl. Ex. 1. Rushmore admits that it continued to send communications regarding the Mortgage Loan to Ms. Joy after October 29, 2015, including at least three of which alleged a "**TOTAL AMOUNT DUE**" that escalated with each new monthly statement. Answer ¶¶ 39-42, 44-45, Compl. Ex. 5-10. Because the language of these communications from Rushmore to Ms. Joy would cause the least sophisticated consumer to assume she still had rights in the Property and an obligation on the Mortgage Loan, when by law said rights and obligation were extinguished, those communications constitute FDCPA violations as a matter of law. *See In re Murray*, 552 B.R. at 7.

    Rushmore also alleges that if Ms. Joy understood that she did not actually owe what Rushmore alleged she owed then Ms. Joy's claims for Rushmore's FDCPA violations cannot be sustained. Opp'n p. 12. Rushmore's communications to Ms. Joy constitute violations of the FDCPA as a matter of law not because Ms. Joy was or was not confused by them, but because for the hypothetical least sophisticated consumer they are false, deceptive, or misleading, as those terms are used within 15 U.S.C. § 1692e. That Ms. Joy was or was not misled by Rushmore's communications as to the legal status of the Mortgage Loan "is irrelevant to the analysis under §1692e... the 'unsophisticated consumer' standard for determining whether a debt collection letter is misleading is an objective one." *In re Murray*, 552 B.R. at 7. Under the objective least sophisticated consumer standard there is no need to look at particular individuals' understanding when evaluating

whether a debt collector's communications were false, deceptive, or misleading in violation of the FDCPA. *LaRocque ex rel. Spang v. TRS Recovery Services, Inc.*, 285 F.R.D. 139, 153 (D. Me. 2012). It is the substance of the communications that matters when determining they violate the FDCPA. *Waters v. Kream*, 770 F. Supp. 2d 434, 437 (D. Mass. 2011). In the instant case, there is no dispute as to the substance of the communications: Rushmore admits that after the Consent Judgment with waiver of deficiency entered and the redemption period ran, Rushmore continued to send communication to Ms. Joy, including statements alleging a "**TOTAL AMOUNT DUE**" that escalated with each new monthly statement. Answer ¶¶ 39-42, 44-45, Compl. Ex. 5-10. As a matter of law those communications constitute violations of the FDCPA.

### The CFPB Guide Does Not Provide a Defense to Rushmore

Rushmore alleges that it cannot be held liable for its FDCPA violations because it sent the communications at issue "in reliance upon an advisor opinion from the Consumer Financial Protection Bureau ("CFPB")," specifically the CFPB Guide. Opp'n p. 14. However, 15 U.S.C. § 1692k(e) only protects from liability acts "done or omitted in good faith in conformity with" CFPB advisory opinions. Rushmore cites to the CFPB Guide section discussing obligations of servicers who are debt collectors following receipt of a "cease communication" notification from a borrower pursuant to 15 U.S.C. § 1692c(c). CFPB Guide at 3; Opp'n p. 14. Rushmore cannot cite to any 15 U.S.C. § 1692c(c) cease communication notice from Ms. Joy because no such notice was sent by Ms. Joy to Rushmore. Opp'n pp. 14-16. This portion of the CFPB guide is therefore inapplicable to the instant case. The CFPB Guide also provides that loan servicers who are debt collectors will likely not be held liable for violating the FDCPA after receiving a cease communication notice from a borrower for sending the notices they are obligated to send pursuant to Regulation X and Regulation Z. CFPB Guide at 3. Rushmore was under no such obligation to send Ms. Joy

communications pursuant to Regulation X or Regulation Z. The entry of the Consent Judgment with waiver of deficiency and the expiration of the redemption period "serve[d] to extinguish both the personal liability and property rights of" Ms. Joy. *In re Collins*, 474 B.R. 317, 321 (Bankr. D. Me. 2012). Rushmore couldn't have been required to send communications to Ms. Joy, as Ms. Joy no longer had any obligations or rights with regard to the Mortgage Loan or the Property. *Id.* at 322.[1]

## Conclusion

There is no genuine dispute as to any material fact in this matter. Ms. Joy is entitled to summary judgment on liability for all Claims as a matter of law, and seeks a jury trial on damages.

Dated at Portland, Maine, this 28th day of April, 2017.

                                    ROXANNE JOY

                                    By: */s/ Christopher J. Keach*
                                    Christopher J. Keach, Esq.
                                    Andrea Bopp Stark, Esq.
                                    Molleur Law Office
                                    *Attorneys for Plaintiff*
                                    419 Alfred Street
                                    Biddeford, ME 04005
                                    Phone: (207) 283-3777
                                    Fax: (207) 283-4558
                                    Email: andrea@molleurlaw.com
                                              Chris@molleurlaw.com

                                    Gary Goldberg, Esq.
                                    **TERRY GARMEY & ASSOCIATES**
                                    *Attorneys for Plaintiff*
                                    482 Congress Street, Suite 402
                                    Portland, ME  04101-3424
                                    (207) 899-4644 ext 2336
                                    ggoldberg@garmeylaw.com

---

[1] Rushmore cites two cases, *Brown v. Select Portfolio Servicing, Inc.* and *Hill v. DLJ Mortgage Capital, Inc.*, to support its claim for protection from the CFPB Guide. Opp'n pp. 14-15. The foreclosures in those cases occurred under the laws of Florida and New York, respectively. Rushmore provides no comparison of foreclosure laws in those states to those in Maine. *Id.*

## CERTIFICATE OF SERVICE

I, Susan Black, hereby certify that I am over eighteen years old and caused a true and correct copy of the Plaintiff's Reply To Defendant's Opposition To Motion For Summary Judgment With Incorporated Memorandum Of Law to be served on the parties per the Court's ECF System on April 28, 2017

Dated:   April 28, 2017

                                                        By:   */s/ Susan Black*
                                                                 Susan Black, Paralegal
                                                                  Molleur Law Office
                                                                  419 Alfred Street
                                                                  Biddeford, ME  04005
                                                                  (207) 283-3777
                                                                  susan@molleurlaw.com

## SERVICE LIST

**Served electronically:**

       All parties on Court ECF mailing list.