## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| ROXANNE JOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 2:16-cv-262-NT |
| | ) |
| RUSHMORE LOAN MANAGEMENT SERVICES, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before me is the Plaintiff's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 25). The Plaintiff asserts claims under the federal Fair Debt Collection Practices Act ("**FDCPA**"), Maine Fair Debt Collection Practices Act ("**MFDCPA**"), and Maine Consumer Credit Code ("**MCCC**"). As the party moving for summary judgment, the Plaintiff shoulders the burden of showing that there is no genuine dispute as to any material fact and that she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The motion is **DENIED** because she has failed to carry her burden.

In order to be held liable under the FDCPA,[1] an entity must be a "debt collector" as defined by the statute. *See* 15 U.S.C. § 1692a(6). In her motion for summary judgment, the Plaintiff devotes one conclusory sentence to this issue. Pl.'s Mot. for Summ. J. 4 ("It is undisputed that Rushmore is a 'debt collector' as defined

---

[1] Claims under the FDCPA and the MFDCPA are analyzed coextensively.

by the FDCPA . . . ."). But the Defendant disputes that it is a debt collector.[2] The Defendant requested to strike and otherwise denied the Plaintiff's statement of fact asserting that Rushmore is a debt collector. Def.'s Resp. Statement of Facts ¶ 10 ("**DRSF**") (ECF No. 31). The parties' dispute over this issue centers on whether the Defendant admitted in its Answer that it is a debt collector as defined by the FDCPA and MFDCPA. The Plaintiff argues that I should apply Federal Rule of Civil Procedure 8(b) strictly and deem the Defendant's somewhat evasive response as an admission. Resolving this dispute is unnecessary given the other deficiencies in the Plaintiff's motion for summary judgment that provide an independent basis for denial.

Assuming *arguendo* that the Plaintiff has met her threshold burden of demonstrating that the Defendant is a debt collector, she has still failed to establish a FDCPA violation. In analyzing whether a communication runs afoul of the FDCPA, the communication "is to be viewed from the perspective of the hypothetical unsophisticated consumer." *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 (1st Cir. 2014). The Plaintiff's motion for summary judgment refers to this standard only once in a quotation taken from a case deciding whether a complaint stated a plausible FDCPA claim. Pl.'s Mot. for Summ. J. 9 (quoting *Kowalski v. Seterus, Inc.*, No. 2:16-cv-160-JAW, 2017 WL 79949, at *16 (D. Me. Jan. 9, 2017)). The Plaintiff does not cite a single case decided at the summary judgment stage that

---

[2] I do not rule on the merits of the Plaintiff's motion to amend the scheduling order and reopen discovery at this time. Whether the Plaintiff should be permitted to reopen discovery to gather evidence for trial will be considered once that motion has been fully briefed and comes under advisement.

involved communications similar to those at issue here, and she provides virtually no analysis of how the communications at issue would be perceived by the hypothetical unsophisticated consumer. Although some analysis was provided at oral argument, it is incumbent upon the moving party to make its case in its briefing. Without the benefit of a developed argument from the Plaintiff, I cannot evaluate the merits of her FDCPA claim.

Similarly, in contending that she is entitled to summary judgment on her claim that Rushmore violated the MCCC, the Plaintiff relies entirely on the same case, *Kowalski*. Although I must consider all evidence in the light most favorable to the non-movant, the Plaintiff asks me to draw inferences in her favor, and she provides no analysis of why the MCCC was violated. Pl.'s Mot. for Summ. J. 11-12. This, too, is insufficient to meet the Plaintiff's burden.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Plaintiff's motion for summary judgment.

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 1st day of September, 2017.